UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                              CRIMINAL ACTION

V.                                                   NO. 15-198

DAVID RODRIGUEZ                                       SECTION "F"

ORDER AND REASONS

Before the Court is David Rodriguez's *pro se* motion for a sentence reduction, compassionate release, or home confinement under 18 U.S.C. § 3582(c) and the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136. For the reasons that follow, the motion for sentence reduction or compassionate release is DENIED without prejudice and the request for home confinement is DENIED.

**Background**

David Rodriguez is serving a 36-month term of imprisonment following his plea of guilty to two conspiracy charges stemming from a scheme to collect dispensed, counterfeit, or expired drugs and drugs not authorized for resale and then fraudulently

1

reintroduce them into the pre-retail wholesale market for sale to pharmacies and end-users. After his sentencing in February 2020, the Court extended Rodriguez's self-surrender date until June 22, 2020. He is presently incarcerated at the Federal Correctional Institution in Jessup, Georgia.

Rodriguez is 49-years-old and, although his Pre-Sentence Investigation Report indicates that he is in good physical condition, Rodriguez submits that he is obese and suffers from hypertension. Rodriguez suggests (and the government does not dispute) that he requested compassionate release or home confinement from the Bureau of Prisons. Six days later, he filed the present motion requesting that the Court grant him compassionate release or home confinement.

I.

A.

Congress prescribes certain prerequisites to district court consideration of motions seeking sentence modifications, including motions seeking compassionate release. Courts generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Since passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), however, federal courts "may reduce the term of imprisonment" upon request by an inmate. §3582(c)(1)(A); see also United States v. Chambliss, 948 F.3d 691,

692-93 (5th Cir. 2020)(As amended, § 3582(c) provides that the Court "on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'").  The reduction must also be "consistent with applicable policy statements issued by the Sentencing Commission."  § 3582(c)(1)(A).

For a motion seeking compassionate release "to be properly before the court," then, a defendant must first request that the Bureau of Prisons "bring a motion on the defendant's behalf." United States v. Franco, --- F.3d ---, 2020 WL 5249369, at *1 (5th Cir. Sept. 3, 2020).  This particular statutory requirement -- "that a defendant [must] file a request with the BOP before filing a motion in federal court," although non-jurisdictional -- "is [nonetheless] a paradigmatic mandatory claim-processing rule." Franco, 2020 WL 5249369, at *2.[1]

---

[1] In reaching this conclusion, the Fifth Circuit joined three other circuits.  See United States v. Alam, 960 F.3d 831, 833 (6th Cir. 2020); United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020); United States v. Springer, -- Fed.Appx. --, 2020 WL 3989451 (10th Cir. July 15, 2020).

*B.*

Simply put, a defendant must exhaust his remedies with the BOP before a court may consider a motion for compassionate release. See, e.g., Raia, 954 F.3d at 596-97 (holding that failure to comply with the § 3582(c)(1)(A) exhaustion requirement presents "a glaring roadblock foreclosing compassionate release"); Alam, 960 F.3d at 835-36 (declining to carve out a futility exception to the § 3582(c)(1)(A) exhaustion requirement). Here, Rodriguez filed the present motion only six days after submitting his request to the Warden. Thus, the Court finds that the mandatory administrative exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A) is not met. By now, 30 days have passed since the Warden received what Rodriguez and the government suggest was Rodriguez's request for compassionate release or release on home confinement.[2]

---

[2] Complicating matters, the request to the Warden is not actually of record. (The government does not contest that a request was made). Regardless, it is not clear whether Rodriguez requested that the Warden file a motion seeking compassionate relief or whether, perhaps, he requested only home confinement. A distinction of consequence for exhaustion purposes: requests for compassionate release and for home confinement are distinct in kind. "[W]hile the CARES Act allows a defendant to request home confinement from the warden, it does not authorize compassionate release, as the compassionate release statute is separate from the CARES Act." See, e.g., United States v. Brown, No. 13-286, 2020 WL 3292874, at *2 (E.D. La. June 18, 2020)(Vance, J.)(noting that the BOP exercises authority on home confinement requests pursuant to a different statute than the compassionate release provision of 18 U.S.C. § 3582(c) and "[c]ourts have therefore found that when a defendant requests only home confinement from the warden--and

However, in failing to wait the requisite 30 days after initiating a request with the Warden before filing this motion with the Court seeking compassionate release or home confinement, Rodriguez failed to comply with a mandatory claim-processing feature of the statute.

*C.*

Neither Rodriguez -- who bears the burden of demonstrating exhaustion and that he is entitled to relief -- nor the government has supplemented the record to indicate whether the Warden responded to Rodriguez's administrative request. Whether the Warden responded is another fact of consequence for exhaustion purposes: if the Warden has denied Rodriguez's request for compassionate release, Rodriguez would be required to administratively appeal that denial before seeking relief from the Court. For "all administrative rights to appeal" to be "fully exhausted," in compliance with the statute, the compassionate release petitioner must administratively appeal any decision by the warden regarding compassionate release. See, e.g., United States v. Wills, 09-166, 2020 WL 5073663, at *3 (E.D. La. Aug. 26, 2020); United States v. Delco, No. 09-57, 2020 WL 4569670, at *4 (E.D. La. Aug. 7, 2020)(Ashe, J.)(finding that "it is precisely

---

not release under the compassionate release provisions--he has failed to exhaust his administrative remedies").

because the warden denied the defendant's ... request within 30 days after its submission that he has not exhausted his administrative remedies[; the defendant has failed to] show that he has fully exhausted his administrative rights to appeal the warden's denial of his request through the BOP's Administrative Remedy Procedure[.]"); United States v. Ellis, No. 13-286, 2020 WL 4050409, at *2 (E.D. La. July 20, 2020)(Vance, J.)(citing the statute and district court case literature supporting a finding that the defendant must appeal any formal BOP decision in order to exhaust his administrative remedies); United States v. Whirl, No. 18-17, 2020 WL 3883656, at *1-2 (S.D. Miss. July 9, 2020)(noting that a defendant may submit an appeal on a BP-10 form to the appropriate Regional Director within 20 calendar days of the date the warden signed the response and that failure to do so is a failure to exhaust administrative remedies).  To determine otherwise would betray the statutory text and defeat the purpose of administrative exhaustion doctrine.  See, e.g., United States v. Cotto, No. 16-36, 2020 WL 2735960, at *2 (E.D. La. May 26, 2020)(when BOP formally denies a defendant's motion, the defendant must appeal that decision to exhaust his or her administrative remedies); United States v. Ng Lap Seng, No. 15-706, --- F. Supp. 3d ---, 2020 WL 2301202, at * 6 (S.D.N.Y. May 8, 2020)(interpreting the statute's "lapse" language as "requiring the BOP's failure to respond to a prisoner's request for a compassionate release motion

6

within thirty days," because interpreting the language to instead mean "a passage of time" would "substantially undermine [a goal of the] exhaustion requirement – protecting agency authority, expertise, and the opportunity to correct mistakes – as it would allow a defendant [to bypass] higher-level BOP review" and "render the statute's provision regarding full exhaustion of administrative remedies meaningless," and allow defendants to "forego appealing a warden's denial of their compassionate release request.").

Here, Rodriguez failed to allow 30 days to lapse after lodging with the Warden a request (for either compassionate release or home confinement, or perhaps both); there is no indication in the record as to whether the Warden responded within 30 days. Nor is there an indication that Rodriguez administratively appealed the prison's disposition (if any) of his administrative request. On this record, Rodriguez has not persuaded the Court that he has satisfied the mandatory exhaustion requirement of the compassionate release statute. His request for compassionate release must be denied without prejudice.

II.

Insofar as Rodriguez requests that this Court release him on home confinement under the Coronavirus Aid, Relief, and Economic

7

Security Act (CARES Act), Pub. L. No. 116-136, 134 Stat. 281, the Court lacks authority to do so.

The CARES Act provides that "the *Director of the Bureau [of Prisons]* may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code." Pub. L. No. 116-136, 134 Stat. 281, 516 (emphasis added). The Director of the Bureau of Prisons "may" do so if "the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau[.]" CARES Act, § 12003(b)(2). The Attorney General has so found. See William P. Barr, Memorandum for Director of Bureau of Prisons (Apr. 3, 2020).[3] The Court underscores that, by statute, this authority relative to home confinement is conferred solely on the Director of the Bureau of Prisons: while the Director may "lengthen the maximum amount of time for which" Rodriguez is placed on home confinement, CARES Act, § 12003(b)(2), this Court may not. See 18 U.S.C. § 3621(b).[4] Rodriguez's request that this Court release him on home confinement under the CARES Act therefore must be denied. As it must, the

---

[3] Available at https://www.justice.gov/file/1266661/download
[4] Placement of inmates is BOP's prerogative. The Court simply lacks the power to place Rodriguez on home confinement. See 18 U.S.C. § 3621(b)("The Bureau of Prisons shall designate the place of the prisoner's imprisonment[.]"); see also § 3582(c)(limiting the Court's authority to modify or reduce a sentence).

Court defers to the BOP administrative process concerning requests for home confinement due to COVID-19 concerns.

***

Accordingly, for the foregoing reasons, Rodriguez's motion for compassionate release is DENIED without prejudice, and his request for home confinement is DENIED.

New Orleans, Louisiana, September 5, 2020

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE